■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT FAJEN, Appellant, against EDWARD M. FAY, as Warden of Green Haven Prison, et al., Respondents.— Appeal (as limited by appellant's brief) from an order dismissing, after a hearing, a writ of habeas corpus and remanding appellant to custody. The appellant contended that his sentence by the County Court, Kings County, as a second felony offender was illegal on the basis of his plea of guilty to an information charging that his previous conviction by a United States military court-martial of a violation of the 93d Article of War, the specification under such charge being assault with intent to do bodily harm accomplished by cutting his victim on the head with a dangerous instrument, to wit, a knife. The appellant argued that this Article of War so failed to define the crime mentioned that it could not be deemed a felony if committed in the State of New York (Penal Law, §§ 242, 1941). Order affirmed, without costs. (Cf. *People* v. *Benjamin*, 7 A D 2d 410.) Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., concurs, with the following memorandum: The 93d Article of War enumerated various crimes punishable " as a court-martial may direct." Among them were assault with intent to do bodily harm with a dangerous weapon, and assault with intent to do bodily harm. Appellant contends that his previous conviction, which was used as the basis for the determination by the County Court, Kings County, that he was a second felony offender, was for a violation of the 93d Article of War, under a specification charging that he had committed, in Japan, the offense of assault with intent to do bodily harm. If that was the charge made against him, his conviction would not have been for a crime which would have been a felony if committed within this State (*People* v. *Katz*, 290 N. Y. 361), even though the specification also charged that the assault had been committed with a knife (*People* v. *Olah*, 300 N. Y. 96). However, the Special Term was not required to credit appellant's statement as to the basis of his previous conviction, and the record in the County Court discloses that the information filed against appellant charged that he had been previously convicted by court-martial of the offense of assault *with a dangerous weapon* with intent to do bodily harm. If that was the charge made against him, he could not have been convicted thereof without a finding that a dangerous weapon was used in the assault, although he could without such finding have been convicted of assault with intent to do bodily harm, as a less serious offense necessarily included in the offense charged. In such case, however, he would not have been convicted of the offense charged in the specification, but of the lesser offense, by excepting the words in the specification " with a dangerous weapon" and finding him guilty of the offense charged except as charged in the excepted words (see Manual for Courts-Martial, U. S. Army, 1949 [Executive Order 10020; 3 Code of Fed. Reg., 1948, Supp., pp. 251, 296]; Military Justice Procedure, p. 105 [War Department, Feb. 1945, T. M. 27-255]). If, as appellant contends, the offense charged against him was assault with intent to do bodily harm, he may renew his application on proof thereof (cf. *Matter of Bojinoff* v. *People*, 299 N. Y. 145).