THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ARTHUR BENJAMIN, Appellant.

First Department, July 6, 1967.

---

*Hyman Frank* for appellant.

*Laurence Leff* of counsel (*Michael Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

McGIVERN, J. The defendant at a Special and Trial Term of the Supreme Court unsuccessfully sought to have set aside a sentence previously imposed on him wherein he was adjudged a second felony offender. The predicate of the finding was a general military court-martial which had resulted in a conviction of the defendant on June 27, 1943, for assault with intent to commit murder. At that time the defendant was 20 years of age. A Private in the U.S. Army, he was attached to the 90th Air Base Squadron, Merced Army Flying School, Merced, California, having enlisted when he was 18 years old. His education had ended at the 10th grade. And he was indigent.

The general court-martial took place at the Army Rehabilitation Center at Turlock, California. The charges arose out of a foolhardy attempt by the defendant to escape from custody. At the court-martial, the prosecutor, an Army Major, was an attorney. The defendant was represented by two young officers, a First Lieutenant and a Second Lieutenant, the latter, 22 years of age, both without any legal training at all. Indeed, the defendant said he selected the First Lieutenant because " he was the most likeable of all the officers on the post "; he was not a college graduate. The defendant, at the hearing below, said: " And we all agreed on the necessity of a lawyer  *  *  *. The three of us would thumb through the manual for court martial trying to figure out, among other things, how I was to plead."

The court-martial over, he was found guilty and sentenced " to be Dishonorably Discharged from the service, to forfeit all pay and allowances due or to become due and to be confined at hard labor at such place as the receiving authority may direct for a period of fifteen (15) years " (subsequently reduced to seven years).

It is the defendant's contention that this court-martial conviction was under circumstances which did not afford him a fair

trial as contemplated by the Constitution of the United States, not having been represented by an attorney; as such, it is an infirm support for a finding that he was a second felony offender, and that he should be resentenced as a first felony offender. This court agrees with this contention.

Section 1943 of the Penal Law reads: "No previous conviction in this or any other state shall be utilized as a predicate for multiple offender treatment * * * if such conviction was obtained in violation of the rights of the person accused under the applicable provisions of the constitution of the United States."

And this court, in *People* v. *Cornish* (21 A D 2d 280) held this statute to be retrospective in effect and that a defendant, arraigned as a multiple offender may raise the unconstitutionality of any predicate conviction relied on by the People.

The Uniform Code of Military Justice, presently obtaining, requires that as to a general court-martial, the accused must be supplied counsel presumptively competent in the law. And according to paragraph (1) of subdivision (b) of section 827 of the United States Code this requirement is met, if counsel be a graduate of an accredited law school and/or a member of a State or Federal Bar, admitted to practice before the State or Federal courts. This represents the end result of a long trend to insure that military justice also be administered in accordance with the constitutional guarantees.

In *Gibbs* v. *Blackwell* (354 F. 2d 469) the petitioner, also a Private in the United States Army, filed a petition for habeas corpus, based, *inter alia,* on the contention that at the time of his general court-martial at Munich, Germany, in 1945, he was denied effective assistance of counsel in the preparation and trial of his case, and therefore his rights guaranteed by the Fifth and Sixth Amendments were violated. In remanding the matter for a full hearing of these important issues, the court significantly said (p. 472): "Gibbs' petition goes to the very heart of a fair trial * * *. What we can say is that very serious constitutional questions have been raised. In re Stapley [246 F. Supp. 316]. There has been no claim by the United States that the exigencies of war required Gibbs to place his life on the sacrificial altar of justice with no shield but a counsel who had never been in a court room before the day of Gibbs' trial."

Nor is there any evidence in the record before us that "the exigencies of war", at the time of defendant's court-martial, in California, in 1943, precluded the assignment of counsel with legal training. And without this rudimentary protection, the

defendant simply was not afforded a fair trial. The Supreme Court has expounded the truism, in *Powell* v. *Alabama* (287 U. S. 45) that even an intelligent layman must be presumed incapable of defending himself. Yet the defendant before us was tried under a code (since repudiated) that presumed that a layman was sufficient counsel for another layman, even when on trial for a capital offense.

The Court of Military Appeals has held in *United States* v. *Tempia* (35 U. S. L. W. 2625) that the same standards imposed on the States by *Miranda* v. *Arizona* (384 U. S. 436) are similarly binding on courts-martial. Judge HOMER FERGUSON, writing for the majority said: " The time is long since past * * * when this court will lend an attentive ear to the argument that members of the armed forces are, by reason of their status ipso facto deprived of all protections of the Bill of Rights." (See, also, *United States* v. *Jacoby,* 11 USCMA 428; Quinn, United States Court of Military Appeals and Military Due Process, 35 St. John's L. Rev. 225.)

It is the view of this court that the procedures pursuant to which the defendant was convicted were not consonant with any modern or fair concept of due process; and that the second offender treatment accorded him cannot in justice rest on such a broken reed. The retrospective nature of section 1943 of the Penal Law requires that the denial of resentence by Special Term be reversed, on the law, and that the defendant be resentenced without regard to the findings of his prior court-martial conviction.

STEUER, J. P. (dissenting). Defendant appeals from an order of the Supreme Court denying his application for resentence. Defendant was sentenced on April 1, 1958, by the then Court of General Sessions for the crime of grand larceny. He was sentenced as a second offender. He has long since served the sentence imposed and is presently incarcerated pursuant to a subsequent conviction. The purpose of this application is to reduce the number of prior convictions in his record. The grounds of the application are that his first conviction should not have been considered, as it was obtained in violation of his constitutional rights.

The conviction referred to was a judgment rendered in 1943 by a United States Army court-martial sentencing him to 15 years imprisonment for assault with intent to kill. On his trial he was represented by an Army officer of his choice but who was not a lawyer. Conviction by an Army court-martial can constitute a prior conviction allowing multiple offender treatment

(*People ex rel. Stewart* v. *Wilson*, 257 App. Div. 555). It is not disputed that the crime for which defendant was convicted is a felony under our law. The sole question is whether the fact that appellant was represented by an officer not admitted to the Bar of any State violates due process.

Certain other facts deserve mention. The trial was held at an Army post in this country in time of war. There were approximately 40 officers at the post, none of whom was a lawyer by profession. Some four years after his conviction defendant sued out a writ of habeas corpus in the Federal court on the same ground on which he attacks the conviction here. The court examined the record and found that, despite the fact that the officer had no formal education in the law, he did a commendable job of defending him and that he had been adequately represented (*Benjamin* v. *Hunter*, 75 F. Supp. 775, affd. 169 F. 2d 512).

Courts-martial occupy a peculiar and probably unique place in our system of jurisprudence. Created by laws of the United States (that applicable in 1943 being U. S. Code, tit. 10, § 1482), Federal laws also determine who should be allowed to appear before them. Undoubtedly appellant here was represented by a counsel so authorized. The Federal courts have undertaken to review courts-martial decisions for the limited purpose of determining whether the defendant has been accorded a fair trial (*Whelchel* v. *McDonald*, 340 U. S. 122; *Burns* v. *Wilson*, 346 U. S. 137, rehearing den. 844). This has included whether defendant had adequate representation (*Gibbs* v. *Blackwell*, 354 F. 2d 469). As seen, defendant had such a review of his conviction. But never, so far as research has revealed, has it been determined that the absence of a formal legal education established inadequate representation. In *Gibbs* (*supra*) where defendant's counsel had neither training nor experience and protested his assignment on the ground of his lack of capability, the Circuit Court of Appeals refused to grant a writ on this proof but remanded to determine whether in fact defendant had been denied due process.

It is difficult to see how, especially in the context of multiple offender statutes, the law could be otherwise. In determining the validity of a conviction in another jurisdiction our courts are enjoined to inquire whether the conviction was obtained by constitutional means (Penal Law, § 1943). This would naturally include whether defendant had the benefit of counsel. But it would hardly be a subject of legitimate inquiry whether the qualifications for admission to practice in the foreign jurisdic-

tion conformed to the standards in force here. And this in effect is what the defendant asks the court to do.

The order entered November 28, 1966, denying defendant's application for resentence should be affirmed.

CAPOZZOLI and RABIN, JJ., concur with McGIVERN, J.; STEUER, J. P., dissents in an opinion in which TILZER, J., concurs.

Order entered on November 28, 1966, reversed, on the law, defendant's motion for resentence granted, and the matter remanded for the purpose of resentencing defendant without regard to the findings of his prior court-martial conviction.