■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DABY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered January 15, 1976, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court, dated January 13, 1976, which denied defendant's motion to dismiss the indictment pursuant to CPL 210.20 (subd 1, par [e]). Order and judgment reversed, on the law, motion granted, and indictment dismissed. Defendant was indicted by the United States Grand Jury for the Southern

District of New York and charged, along with 23 codefendants, in a two count indictment, with conspiracy "to violate Sections 812, 841 (a)(1) and 841(b)(1)(A) of Title 21, United States Code" (count one) and with violating subdivision (b) of section 843 of the same title, for the unlawful use of a telephone in facilitating the conspiracy charged in the first count. Count one alleged, *inter alia,* that: "It was part of said conspiracy that the said defendants unlawfully, wilfully and knowingly would distribute and possess with intent to distribute Schedule I and II controlled substances" (marijuana and amphetamines). Among the overt acts alleged in support of the first count was that: "On or about the 30th day of September, 1974, the defendant Jimmy Daby, while in the Town of Cortlandt, New York, was arrested." Almost simultaneously with the filing of the Federal indictment, a two-count indictment was filed in the County Court, Westchester County. The first count charged the defendant with violating subdivision 10 of section 220.09 of the Penal Law, to wit, criminal possession of a controlled substance in the fifth degree (marijuana), and, in the second count, with violating subdivision 4 of section 220.09 of the Penal Law, for the unlawful possession of amphetamines. The possession allegedly occurred on or about September 29, 1974 in the Town of Cortlandt, New York.* Thereafter, following a series of conferences among the Assistant United States Attorney, counsel representing defendant on the Federal indictment, and counsel representing defendant on the Westchester County indictment, it was agreed that the Federal indictment would be satisfied by a plea of guilty to a reduced charge. Pursuant to that agreement, a prosecutor's information was filed on October 16, 1975, in which the defendant was charged with possession of marijuana as a misdemeanor. CPL 40.20, in pertinent part, provides: "1. A person may not be twice prosecuted for the same offense. "2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless: (a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or (b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; or (c) One of such offenses consists of criminal possession of contraband matter and the other offense is one involving the use of such contraband matter, other than a sale thereof". CPL 40.30 provides, in part: "1. Except as otherwise provided in this section, a person 'is prosecuted' for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action either: (a) Terminates in a conviction upon a plea of guilty; or (b) Proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn. 2. Despite the occurrence of proceedings specified in subdivision one, a person is not deemed to have been prosecuted for an offense, within the meaning of section 40.20, when: (a) Such prosecution occurred in a court which lacked jurisdiction over the defendant or the offense; or (b) Such prosecution was for a lesser offense than could have been charged under the facts of the case, and the prosecution was procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for a greater offense." It seems clear that, under CPL 40.30 (subd 1,

---

* Although the dates in the Federal and State indictments differ, there is no dispute that the charges relate to the same incident.

par [a]), defendant's plea of guilty to the Federal information, which was substituted in reduction and in full satisfaction of the indictment, bars prosecution under the State indictment (see *Matter of Cirillo v Justices of the Supreme Ct. of State of N. Y.*, 43 AD2d 4, affd 34 NY2d 990; *Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County,* 37 NY2d 560). The District Attorney's argument, that the defendant ran afoul of CPL 40.30 (subd 2, par [b]) when he pleaded guilty to the reduced charge in the Federal court without his (the District Attorney's) knowledge, is without merit. That subdivision is intended to apply to a situation where a defendant is permitted by a Judge to plead guilty to a reduced charge "without the knowledge of the appropriate prosecutor", viz., the prosecutor in whose jurisdiction the offense occurred (see Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 40.30, p 123). By no stretch of the imagination, however, can the District Attorney of Westchester County be deemed the "appropriate" prosecutor in an action being prosecuted in a Federal court. We have considered the other points raised by the defendant and find them to be without merit. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.