THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
DAVID B. SNYDER, Respondent.

Fourth Department, January 27, 1984

**APPEARANCES OF COUNSEL**

*James R. Harvey, District Attorney* (*R. Michael Tantillo*
of counsel), for appellant.

*David Lee Foster* for respondent.

**OPINION OF THE COURT**

SCHNEPP, J.

This case involves a defendant who was indicted for
driving while intoxicated (DWI) as a felony after he
pleaded guilty to the underlying offense as a misdemeanor
and was sentenced in Justice Court. His motion to dismiss
the indictment on double jeopardy grounds pursuant to
CPL 40.20 (subd 1) was granted and the People appeal.

Defendant has two prior misdemeanor DWI convictions,
the first in 1975 and the second in 1979 after a felony DWI
charge was reduced. He was arrested for the present of-
fense on December 19, 1982 at 8:45 P.M. and charged with a
misdemeanor DWI and two traffic violations. He was ar-
raigned on the charges before a Town Justice on that date
at 9:35 P.M. and his case was adjourned until December 22,

1982 at 7:30 P.M. On the return date defendant appeared with counsel and pleaded guilty to all charges. His license was revoked and he was fined a total of $380, which he paid. On the date of the plea the arresting officer learned that defendant had a prior DWI conviction and prepared a felony complaint. The complaint, however, was not filed until after defendant entered his plea and was sentenced. On December 28, 1982 the matter was referred by the Sheriff's Department to the District Attorney who learned for the first time of defendant's arrest. He was thereafter indicted for DWI as a felony in connection with the December 19, 1982 incident and was arraigned on that charge on February 28, 1982.

CPL 40.20 (subd 1) provides that "[a] person may not be twice prosecuted for the same offense." However, pursuant to CPL 40.30 (subd 2, par [b]) "a person is not deemed to have been prosecuted for an offense, within the meaning of section 40.20, when * * * [s]uch prosecution was for a lesser offense than could have been charged under the facts of the case, and the prosecution was procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for a greater offense."

The People contend that the circumstances here require a finding that the conduct of the defendant in hastening to enter a plea to avoid prosecution for felony DWI and to take advantage of the arresting officer's failure to file the appropriate charge is equivalent to his procurement of the misdemeanor prosecution. Thus, they argue that pursuant to CPL 40.30 (subd 2, par [b]) defendant has not been twice prosecuted for the same offense.

In our view, CPL 40.30 (subd 2, par [b]) is inapplicable to this case and County Court did not err in dismissing the indictment on double jeopardy grounds. The record discloses no evidence to support the conclusion that defendant "procured" his "prosecution" for the lesser offense "for the purpose of avoiding prosecution for a greater offense".

The term "procured" is not defined in the CPL and should be construed according to its usual and commonly understood meaning (see McKinney's Cons Laws of NY, Book 1, Statutes, § 232). It means "to bring about" or "to

effect" (American Heritage Dictionary of English Language [1978], p 1044), "to initiate" or "to cause a thing to be done" (Black's Law Dictionary [5th ed], p 1087).

Unlike the term "procured", the word "prosecution" has a definite meaning under the CPL. "[A] person 'is prosecuted' for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state * * * and when the action * * * [t]erminates in a conviction upon a plea of guilty". (CPL 40.30, subd 1, par [a].) Thus, there are two aspects to a "prosecution" as that term is used in the double jeopardy statute: first, the charging of an offense by an accusatory instrument, and second, the entering of a plea.

Arguably, in this case defendant chose to enter his plea at a time when he was aware that his prior DWI convictions would serve to elevate his present offense to a felony. This knowledge, however, cannot be equated to conduct on his part "to bring about" or "initiate" the charging of the misdemeanor offense by an accusatory instrument. The record does not establish that defendant made any misrepresentation to the arresting officer or did anything to induce that officer to charge him with the misdemeanor offense only. No affirmative duty was imposed upon the defendant to advise the police regarding his past record. There is no hint of any misrepresentation by either the defendant or his counsel at the time the plea was entered. The District Attorney's lack of knowledge of defendant's plea is immaterial (see *People v Daby,* 56 AD2d 873). In our view, CPL 40.30 (subd 2, par [b]) is unquestionably intended to apply to situations where, for example, a defendant, after committing a crime, voluntarily goes before a Judge and complains of himself (*People v Cuatt,* 70 Misc 453), or where a defense counsel makes material misrepresentations to the prosecutor which result in the prosecutor approving a plea bargain (*People v Dishaw,* 54 AD2d 1122). Absent proof that defendant "procured" his "prosecution" "for the purpose of avoiding prosecution for a greater offense", CPL 40.30 (subd 2, par [b]) is inapplicable.

The People's reliance upon the California case of *Hampton v Municipal Ct.* (242 Cal App 2d 689), is misplaced. In

*Hampton,* unlike here, the defendant pleaded guilty to a crime of which he knew he was not guilty after being told by the prosecutor that he would be charged with an appropriate greater offense.

In this case Justice Court possessed jurisdiction to accept the plea of guilty which was entered orally by the defendant in person (CPL 340.20, subd 2, par [a]; cf. *People v Butler,* 96 AD2d 140). It was never divested of jurisdiction of the misdemeanor charge either by the filing of an indictment in a superior court or by an application by the District Attorney for an adjournment in contemplation of the presentation of the charges to the Grand Jury (CPL 170.20; cf. *People v Barkin,* 49 NY2d 901). After the plea was entered and sentence was imposed, even assuming that acceptance of the plea was illegal, no authority existed for Justice Court to vacate the plea and sentence at the prosecutor's request, had one been made (see *Matter of Campbell v Pesce,* 60 NY2d 165).

Accordingly, since jeopardy attached here prior to the indictment, the order dismissing the indictment should be affirmed.

CALLAHAN, J. P., DENMAN, BOOMER and O'DONNELL, JJ., concur.

Order unanimously affirmed.