*952
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the case remitted to the Appellate Division for consideration of the facts
 
 (see,
 
 CPL 470.25 [2] [d]; 470.40 [2] [b]).
 

 Following an incident in which defendant operated his vessel in a manner causing serious physical injuries, defendant was charged with violations of Babylon Town Code §§ 86-3 (unregistered vehicle) and 86-4 (careful and prudent operation of a vessel) in Second District Court in Babylon. He was also charged by an information filed in First District Court in Hauppauge with operating a vessel while intoxicated, pursuant to Navigation Law § 49 (4) (a) (2), which was dismissed. The Suffolk County Grand Jury thereafter returned a two-count indictment, charging defendant with operating a vehicle while in an intoxicated condition and assault by operation of a vessel under Navigation Law § 49 (4) (b) (2) in relation to the same incident.
 

 On January 4, 1988, defendant pleaded guilty to the Town Code violations. County Court thereafter granted defendant’s motion to dismiss the second count of the indictment charging him with assault by operating a vessel in the second degree, finding that prosecution barred by CPL 40.20 (2). The People successfully appealed County Court’s order granting defendant’s motion to dismiss the second count of the indictment. In reversing, and reinstating that count, the Appellate Division held that the second prosecution was not barred because it fell within the exceptions of CPL 40.20 (2) (a) in that the elements of the pertinent provisions of the Navigation Law and the Babylon Town Code were substantially different. That court also concluded that since two different geographical areas are involved and the two laws are materially different in scope and purpose they are not designed to prevent the same "kinds of harm or evil” and therefore the second prosecution also falls within the exception of CPL 40.20 (2) (b). We disagree.
 

 Defendant’s prior prosecution under the Babylon Town Code bars the subsequent Navigation Law § 49 (4) (b) (2) prosecution
 
 (see,
 
 CPL 40.20 [1]). CPL 40.20 (2) prohibits separate prosecutions for two offenses based upon the same act or criminal transaction unless "(a) [t]he offenses as defined have substantially different elements
 
 and the acts establishing one offense are in the main clearly distinguishable from those establishing
 
 
 *953
 

 the other”
 
 (emphasis supplied). Although the relevant elements of Navigation Law § 49 (4) (b) (2) arguably are "substantially” different from the elements of the relevant Babylon Town Code provisions, defendant’s careless operation of the boat constitutes the same act giving rise to both offenses
 
 (see, Matter of Schmidt v Roberts,
 
 74 NY2d 513, 522), and indeed comprises the same transaction
 
 (see, Matter of Corbin v Hillery,
 
 74 NY2d 279, 291,
 
 affd sub nom. Grady v Corbin,
 
 495 US —, 110 S Ct 2084). Thus, the exception of CPL 40.20 (2) (a) does not apply.
 

 The exception under CPL 40.20 (2) (b) is similarly inapplicable. Paragraph (b) permits separate prosecutions for two offenses based upon the same act or criminal transaction only where "[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are
 
 designed to prevent very different kinds of harm or evil”
 
 (emphasis supplied). Although Navigation Law § 49 (4) (b) (2) requires a finding of intoxication — a finding unnecessary under the Babylon Town Code’s "careful operation” subdivision — the two statutory provisions were not designed to prevent "very different kinds of harm or evil.” Notwithstanding that the Navigation Law refers to the prevention of serious physical injury and the Town Code commands the operation of a boat in a careful and prudent manner, both provisions are designed to assure the safe operation of boats so as to protect human life and avoid injury. Finally, contrary to the Appellate Division’s conclusion, that two different geographical areas are involved is not determinative
 
 (see, Matter of Wiley v Altman,
 
 52 NY2d 410, 415;
 
 see also, Matter of Schmidt v Roberts, 74
 
 NY2d, at 522-523,
 
 supra).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.