■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN CLAUD, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the County Court, Suffolk County (Tisch, J.), dated April 11, 1988, as granted that branch of the defendant's motion which was to dismiss the second count of the indictment charging him with assault by operating a vessel in the second degree, on the ground that prosecution for that charge was barred by CPL 40.20 (2). By decision and order dated June 12, 1989, this court reversed the order insofar as appealed from, on the law, and reinstated the second count of the indictment *(see, People v Claud,* 151 AD2d 594). On November 20, 1990, the Court of Appeals

reversed the order of this court and remitted the matter to this court for further review of the facts in accordance with its opinion *(see, People v Claud,* 76 NY2d 951). That review has now been completed.

Ordered that the order is affirmed insofar as appealed from.

CPL 40.30 (2) (b) provides that a subsequent prosecution is not barred by a previous prosecution "for a lesser offense than could have been charged under the facts of the case [if] the prosecution was procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for the greater offense" *(see, Corbin v Hillery,* 74 NY2d 279, *affd sub nom. Grady v Corbin,* 495 US 508). We find that the County Court properly concluded that the defendant did not "procure" his conviction of violations of the Babylon Town Code within the meaning of CPL 40.30 (2) (b). While the record indicates that the defendant pleaded guilty to the Babylon Town Code violations at a time when he was aware that an indictment charging him with more serious offenses was pending, his conduct in pleading guilty cannot be equated with procuring the Babylon Town Code prosecution *(see, People v Snyder,* 99 AD2d 83). Moreover, the Suffolk County District Attorney's alleged ignorance of the Babylon Town Code prosecution was apparently caused by a lack of coordination between the District Attorney and the Babylon Town Attorney, and not by any affirmative act or misrepresentation on the part of the defendant *(see, Corbin v Hillery, supra; cf., People v Dishaw,* 54 AD2d 1122). Accordingly, the defendant's prosecution for assault by operating a vessel in the second degree *(see,* Navigation Law § 49 [4] [b] [2]) is barred *(see, People v Claud,* 76 NY2d 951, *supra).* Mangano, P. J., Bracken, Sullivan and Eiber, JJ., concur.