■ In the Matter of HARVEY O. BOOTH, Petitioner, v LEE CLARY, as Judge of Jefferson County Court, et al., Respondents. [599 NYS2d 209] —Petition unanimously granted without costs and judgment granted in accordance with the following Memorandum: The United States Army charged petitioner, then an Army Sergeant, with rape, carnal knowledge, sodomy, indecent assault, and giving alcoholic beverages to a minor in violation of articles 120, 125 and 134 of the Uniform Code of Military Justice (10 USC § 920 [a], [b]; §§ 925, 934). The

charges stemmed from petitioner's sexual conduct with his 13-year-old niece. Petitioner was referred for trial by a general court-martial. Petitioner waived trial by military jury and, following a three-day trial by a military Judge, was convicted of indecent assault, sentenced to confinement at hard labor for two years, reduced in rank, discharged from the service and ordered to forfeit pay. Petitioner was found not guilty of rape, carnal knowledge, and sodomy. The charge of giving alcoholic beverages to a minor was dismissed. The findings of guilt and the sentence were approved by an Army Court of Military Review.

Petitioner commenced this CPLR article 78 proceeding in the nature of a writ of prohibition to preclude prosecution under an indictment returned by a Jefferson County Grand Jury charging him with rape, sodomy, sexual abuse, incest and endangering the welfare of a child. Those charges arise from the same conduct for which petitioner was tried and convicted by the general court-martial. Petitioner contends that further prosecution under that indictment would constitute double jeopardy *(see,* CPL art 40). We find and respondents do not disagree that the offenses for which defendant was tried by court-martial are not substantially different from the offenses charged in the indictment and that further prosecution would amount to "repeated prosecution for the same general conduct" *(People v Abbamonte,* 43 NY2d 74, 82). Respondents contend, however, that the general court-martial is not a "court * * * of any jurisdiction within the United States" within the meaning of CPL 40.30 (1). We disagree.

A general court-martial is a military court deriving its jurisdiction from the government of the United States *(Grafton v United States,* 206 US 333, 355; *see also, Carter v McClaughry,* 183 US 365, 380; *Carter v Roberts,* 177 US 496, 498). Civil courts are bound by judgments of a general court-martial, the inquiry by civil courts being limited to whether the court-martial had jurisdiction over the person and subject matter *(see, Grafton v United States, supra; Carter v Roberts, supra).* New York recognizes a prior conviction by general court-martial for an offense in violation of the Uniform Code of Military Justice as a predicate felony for purposes of sentencing a defendant as a second felony offender *(see, People v Benjamin,* 22 NY2d 723, *revg* 28 AD2d 106, *mot to amend remittitur granted* 23 NY2d 697; *People v Williams,* 78 AD2d 643; *People ex rel. Fajen v Fay,* 8 AD2d 745). Further, a defendant may be impeached by evidence of a prior court-

martial conviction *(see, People v Lee,* 35 AD2d 542). Thus, we conclude that a general court-martial convened pursuant to the Uniform Code of Military Justice constitutes a court within the jurisdiction of the United States. Petitioner is granted judgment prohibiting respondents from prosecuting him under Jefferson County indictment No. 495-91 *(see, State ex rel. Cobb v Mills,* 82 Okla Crim 155, 167 P2d 669). (Original Proceeding Pursuant to Article 78.) Present—Pine, J. P., Balio, Lawton, Fallon and Davis, JJ.