[613 NYS2d 506]

In the Matter of WILLIAM J. NORTHRUP, III, Petitioner, v HOWARD R. RELIN, as Monroe County District Attorney, et al., Respondents.

Fourth Department, April 15, 1994

## APPEARANCES OF COUNSEL

*Edward J. Nowak,* Rochester *(Donald G. Rehkopf* of counsel), for petitioner.

*Howard R. Relin, District Attorney* of Monroe County, Rochester *(Mark Pedersen* of counsel), respondent *pro se.*

*G. Oliver Koppell, Attorney-General,* Rochester *(Eugene Welch* of counsel), for William Bristol, respondent.

### OPINION OF THE COURT

BOEHM, J.

Petitioner, William J. Northrup, III, commenced this CPLR article 78 proceeding to prohibit further prosecution by the District Attorney of Monroe County (respondent) and a trial presided over by a Judge of Monroe County Court of an indictment naming petitioner as defendant. Petitioner contends that prosecuting him under that indictment would constitute double jeopardy and is prohibited by CPL 40.20 and NY Constitution, article I, § 6. Petitioner also seeks to dismiss respondent's counterclaim for a declaratory judgment.

I

Petitioner, a sergeant in the United States Marines, was charged with performing various sexual acts involving his two daughters, who were then three and six years old, in the children's home in Rochester while he was on leave in July and August 1990. Petitioner was also charged with photographing the children in sexually explicit poses and sending the film to be developed after he returned to his military base in California. Specifically, petitioner was charged by the Judge Advocate with a violation of 10 USC § 925 (sodomy), violations of 10 USC § 934 (four counts of indecent liberties), a violation of 10 USC § 934 (incorporating 18 USC § 2251 [a] [photographing minor children in sexual conduct]) and a violation of 10 USC § 934 (incorporating 18 USC § 2252 [a] [transporting sexually explicit photographic film of minor in interstate commerce]).

A general court-martial was convened and petitioner pleaded guilty to violating article 134 of the Uniform Code of Military Justice (10 USC § 934). Included in his guilty plea were two counts of indecent liberties with a minor, one count of sexual exploitation of minor children and one count of transportation of film of children engaged in explicit sexual conduct. Petitioner's plea did not include the charge of sodomy. Petitioner was sentenced to a dishonorable discharge, to hard labor without confinement for 12 months, and to a reduction in pay grade.

Thereafter, a felony complaint charging petitioner with sodomy in the first degree, sexual abuse in the first degree, use of a child in a sexual performance and promoting an obscene sexual performance by a child was filed in Rochester City Court. The felony complaint was based upon the same acts for which petitioner had been previously convicted by the military court. Petitioner was arrested at his base in California and extradited to Rochester.

In September 1993, petitioner was indicted by the Monroe County Grand Jury on two counts of sexual abuse in the first degree (Penal Law § 130.65) and four counts of use of a child in a sexual performance (Penal Law § 263.05). The indictment was based upon petitioner's sexual conduct with his children in July and August 1990. Petitioner was arraigned before respondent Monroe County Court Judge William H. Bristol.*

## II

■ Preliminarily, we determine that there is no merit to respondent's contention that the petition fails to state "extraordinary" circumstances that warrant relief under CPLR article 78. It is well established that an article 78 proceeding in the nature of prohibition is an appropriate vehicle by which to raise the bar of double jeopardy against further criminal prosecution (see, Matter of Corbin v Hillery, 74 NY2d 279, 285, n 3, affd sub nom. Grady v Corbin, 495 US 508; Matter of Abraham v Justices of N. Y. Sup. Ct., 37 NY2d 560; Matter of Bridgewater v Clary, 195 AD2d 1073, affd 83 NY2d 675; Matter of Booth v Clary, 193 AD2d 1128, affd 83 NY2d 675; Matter of Auer v Smith, 77 AD2d 172).

■ Nor does petitioner's conviction in a military court render the bar of double jeopardy inapplicable. We recently held in two cases that dealt with prior prosecutions in military courts that double jeopardy barred subsequent prosecutions in a State court (see, Matter of Bridgewater v Clary, supra; Matter of Booth v Clary, supra). The issue in both Bridgewater and Booth was whether a military court was a "court" within the meaning of CPL 40.30 (1), and in both cases we held that a court-martial prosecution constituted prosecution in a "court * * * of any jurisdiction within the United States" (CPL 40.30 [1]).

---

* Respondent Bristol is represented by the Attorney-General's office and has elected, pursuant to CPLR 7804 (i), not to appear.

### III

■ Respondent concedes that the charges in the indictment arise from the same general conduct as that prosecuted in the military court. Although the charges specified in the court-martial constitute a "linguistically different offense" *(Matter of Corbin v Hillery,* 74 NY2d, *supra,* at 290, n 7) from the charges in the indictment, the counts in the indictment concededly arose out of the " 'same transaction[s]' " and the acts underlying the offenses charged in the court-martial necessarily constitute a major part of the People's proof of sexual abuse and the use of a child in a sexual performance *(Matter of Corbin v Hillery, supra,* at 291).

The prosecution of petitioner is, nevertheless, not prohibited, respondent argues, because his conviction under article 134 falls squarely within the exception found in CPL 40.20 (2) (b). That subdivision provides:

"2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless * * *

"(b) [e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil".

Article 134, respondent argues, is designed to protect good order and discipline in the armed services and to prevent conduct by members of the Armed Forces that brings discredit upon the military, a different purpose from that contemplated by the Penal Law. The charges specified in petitioner's court-martial were brought under article 134, making it necessary to prove thereunder not only the age of the victim and the nature of the conduct but that the conduct of the accused was "to the prejudice of good order and discipline in the armed forces" and that the conduct was "of a nature to bring discredit upon the armed forces". Those considerations constitute elements not found in the Penal Law and are directed against "different kinds of harm or evil", respondent contends. Thus, respondent concludes that the CPL 40.20 (2) (b) exception governs, and the prosecution may proceed unhindered.

We cannot agree. Both the Uniform Code of Military Justice and the Penal Law are addressed to the same kind of conduct of the accused, regardless of the additional penumbral consequences that are not found in the Penal Law. Both laws prohibit the carnal abuse of young children. Both laws are

addressed to the same kind of sex offender, and both laws are concerned with the good order and stability of the community in which the offenses occur. Both are directed against the harm and evil of sexual abuse *(see, People v Claud,* 76 NY2d 951). The effect upon the good order and discipline of the military and the discredit the illicit conduct brings to the armed services are by-products of the illicit conduct; they are not elements of such conduct.

In discussing the "different kinds of harm or evil" required by CPL 40.20 (2) (b), the Court in *People v Fernandez* (43 AD2d 83, 91) used language that is equally applicable here: "[T]he evil to be inhibited * * * is common to all * * * of the offenses with which the defendant was charged. All of the offenses represent an aspect, to a varying degree of culpability, of deterring and punishing behavior likely to result in injury and disorder in the community." The fact that the Uniform Code of Military Justice adds as an additional element that the offense result, as it must, in an adverse reflection upon the military does not transform the illicit conduct there into some kind of harm or evil that is not found in the identical proscribed conduct in the civil community. The evil to be inhibited is common to both.

Further, actual discredit need not be separately or specifically proven. As one military commentator has concluded, "the words 'of a nature to bring discredit' mean no more than that the act is one customarily regarded as reprehensible, and that they no longer, if they ever did, require a finding of actual discredit or injury to reputation" (Hagan, *The General Article—Elemental Confusion,* 10 Mil L Rev 63, 104 [Oct 1960]; *see also, United States v Sanchez,* 11 CMA 216, 29 CMR 32).

Similarly, petitioner's prosecution for use of a child in a sexual performance (Penal Law § 263.05) is also barred by double jeopardy. Although article 134, which assimilates 18 USC §§ 2251 and 2252, requires for conviction that there be a "visual depiction", and that the visual depiction be transported in interstate or foreign commerce or mail, and Penal Law § 263.05 does not, both statutes are geared to the protection of children. Indeed, the title of 18 USC § 2251 *et seq.,* is "The Protection of Children Against Sexual Exploitation Act of 1977" (Pub L 95-225; *see also, United States v Langford,* 688 F2d 1088, 1095, *cert denied* 461 US 959).

Because both criminal statutes, State and Federal, are

designed to prevent the same kinds of harm or evil, the CPL 40.20 (2) (b) exception does not apply.

## IV

■ Respondent also raises the arrangement between his office and the Navy Department as a further reason for denying double jeopardy relief. That arrangement, which yielded the prosecution of petitioner to the Navy, provided that, if the sentence imposed by the military court was less than a felony-level incarceration of more than one year, respondent reserved the right to present the case to the Grand Jury for prosecution in Monroe County. Any such arrangement, however, is irrelevant to petitioner's right to invoke the protection of double jeopardy. His conviction in the court-martial prosecution, by a plea of guilty in full satisfaction of the charges against him, bars further prosecution under the pending State indictment (see, CPL 40.30 [1] [a]; *People v Moquin,* 77 NY2d 449). That this was done without respondent's knowledge or approval does not bring this prosecution within CPL 40.30 (2) (b). CPL 40.30 (2) (b) provides that a conviction will not be deemed to be a previous prosecution when the prosecution is for a lesser offense than could have been charged and when it was "procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for a greater offense". Those statutory requirements are not present here (see, *Matter of Corbin v Hillery,* 74 NY2d 279, *supra; People v Claud,* 181 AD2d 830, *lv denied* 80 NY2d 829; *People v Daby,* 56 AD2d 873).

## V

Accordingly, petitioner should be granted judgment prohibiting respondents from proceeding with the prosecution of the charges against petitioner contained in indictment No. 750/93, and respondent's counterclaim for a declaratory judgment should be dismissed.

PINE, J. P., BALIO, LAWTON and DAVIS, JJ., concur.

Petition unanimously granted without costs, counterclaim dismissed and judgment granted in accordance with the opinion by BOEHM, J.