(May 21, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY ANTONELLI, Respondent. [673 NYS2d 479] —Mercure, J. Appeal from an order of the County Court of Ulster County (Czajka, J.), entered October 23, 1997, which granted defendant's motion to dismiss the indictment.

In February 1997, defendant was arrested and charged with two counts of driving while intoxicated as a misdemeanor and two Vehicle and Traffic Law violations. On the scheduled appearance date, the prosecutor who was handling the matter requested an adjournment to file felony charges in connection

with defendant's arrest for driving while intoxicated. Prior to the filing of a felony complaint and without the prosecutor's knowledge, however, defendant entered a plea of guilty to one count of driving while intoxicated as a misdemeanor in satisfaction of all charges. City Court accepted the plea with the understanding that it was entered with the People's consent and sentenced defendant accordingly.

The People thereafter filed a felony complaint and moved in City Court to vacate the judgment of conviction, arguing that the plea was invalidly entered without their consent. The court granted the motion. A Grand Jury ultimately indicted defendant for two counts of operating a motor vehicle while under the influence of alcohol as a felony. Defendant then moved to dismiss the indictment. Finding that City Court lacked jurisdiction to vacate the judgment of conviction after sentencing and that the indictment constituted an impermissible successive prosecution under double jeopardy principles, County Court granted the motion. The People appeal.

We affirm. The People's sole contention on appeal, that the exception to the double jeopardy bar set forth in CPL 40.30 (2) (b) applies here because the previous prosecution was "procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for a greater offense", was not raised in opposition to the motion to dismiss the indictment and is therefore unpreserved for this Court's review (*see, People v Boyer*, 216 AD2d 795, 796, *lv denied* 86 NY2d 840). In any event, were we to consider the argument, we would find it to be without merit. Defendant's decision to plead guilty to the crime of driving while intoxicated as a misdemeanor, and to reap the benefits of the arresting officer's failure to file a felony charge, did not amount to procurement of the misdemeanor charge, especially given the lack of evidence that defendant induced the officer to file the lesser charge or made affirmative misrepresentations to City Court (*see, Matter of Corbin v Hillery*, 74 NY2d 279, 287, n 5, *affd sub nom. Grady v Corbin*, 495 US 508; *People v Snyder*, 99 AD2d 83, 84).

In our view, City Court lacked jurisdiction to vacate the judgment of conviction after sentence was imposed and without defendant's consent (*see, People v Moquin*, 77 NY2d 449; *People v Donnelly*, 176 AD2d 404). Because the facts underlying that judgment also gave rise to the subsequent felony prosecution, the indictment was properly dismissed as barred by double jeopardy principles (*see*, CPL 40.20 [1]; *People v Snyder, supra,* at 84).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed.