In the Matter of AMERICO MARTINUCCI, Petitioner, v CARL F. BECKER, as Judge of the County Court of Delaware County, et al., Respondents. [855 NYS2d 718]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Delaware County on an indictment charging him with rape in the first degree (three counts), sexual abuse in the first degree (two counts) and endangering the welfare of a child.

During the summer of 2003, petitioner was alleged to have had sexual intercourse on three separate occasions with a 10-year-old girl. He was later charged by indictment in Delaware County with three counts of rape in the first degree, two counts of sexual abuse in the first degree and endangering the welfare of a child. Because petitioner videotaped one of these sexual assaults, he was also charged by federal indictment with coercing and enticing a "minor . . . to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct" (*see* 18 USC § 2251 [a]). On June 12, 2007, while awaiting trial on the state charges, petitioner pleaded guilty to the one count

contained in the federal indictment entitled "Production of Child Pornography."[1] Before he could be sentenced, petitioner moved to dismiss the state indictment on the ground that any prosecution for charges contained in it was effectively barred by his guilty plea in federal court pursuant to the double jeopardy provisions as set forth in CPL 40.20 (2).[2] Upon County Court's denial of this motion, petitioner commenced this CPLR article 78 proceeding in the nature of prohibition seeking to bar his prosecution for the crimes set forth in the state indictment.

Petitioner's contention that a trial in state court is barred by virtue of his guilty plea to the one charge contained in the federal indictment is meritless.[3] Initially we note that, for double jeopardy to attach under CPL 40.20, it must be established that both prosecutions involve offenses committed either during the same criminal act or during a single criminal transaction. Petitioner was only prosecuted federally for one of the three sexual assaults he is alleged to have perpetrated on this child; the other two that are alleged to have been committed at different times and places are separate and distinct criminal acts and are not part of the same criminal transaction (*see People v Van Nostrand*, 217 AD2d 800 [1995], *lv denied* 87 NY2d 851 [1995]). For that reason, petitioner's prosecution in state court for the two sexual assaults not covered by the federal indictment does not have double jeopardy implications and is not barred by application of the provisions of this statute.

For the sexual assault that was the subject of both indictments, state law permits such a prosecution—even if for the same act or criminal transaction—if "[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil" (CPL 40.20 [2] [b]). While both indictments charge crimes emanating from the alleged sexual assault of a minor, the elements which need to be proved for there to be a conviction are very different. Under state law a prosecution for rape or sexual abuse requires that it be established that the victim had been subjected to sexual intercourse or sexual contact. The federal crime contains

---

**1.** On January 11, 2008, petitioner was sentenced to a federal prison term of 25 years, plus 10 years of postrelease supervision.

**2.** Petitioner makes no claim that his constitutional right against double jeopardy has been violated by the prosecution of the state charges.

**3.** We disagree with the claim of respondent District Attorney that because petitioner has not exhausted his federal appeal, this claim is not ripe for adjudication. Petitioner's federal appeal has been by its terms limited to the extent of his sentence, and his guilty plea to the underlying charge renders the federal prosecution a prior prosecution for double jeopardy purposes.

no such requirement; instead, under the federal statute, it must be proven that a minor was enticed or coerced to engage in some form of "sexually explicit conduct for the purpose of producing any visual depiction of such conduct" (18 USC § 2251 [a]) and that materials used to produce those images were secured through the use of interstate commerce. While petitioner concedes that the statutory offenses in both indictments do indeed contain different elements, he maintains that CPL 40.20 (2) (b) is implicated in this proceeding because both statutes as defined are designed to prevent the same kind of harm or evil—the carnal abuse of children.

The federal statute (18 USC § 2251 [a]) is designed to address "the problem of sexual exploitation of children by the use of children as performers in the production of films and photographs depicting sexually explicit conduct" (HR Rep 536, 98th Cong, 1st Sess, at 4, reprinted in 1984 US Code Cong & Admin News, at 495). Its stated purpose is to criminalize conduct which "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any *sexually explicit conduct* for the purpose of producing any visual depiction of such conduct" (18 USC § 2251 [a] [emphasis added]). Unlike a state prosecution for rape or sexual abuse, the focus of a prosecution for producing child pornography is not simply on the explicit sexual conduct that a minor is made to perform, but also on the visual recording of that conduct and the impact the dissemination of those images will have on the community. The evil to be prevented is not simply the explicit sexual conduct that the minor had been made to perform, but the psychological impact that images of such recorded conduct will have on some members of the community. The state law at issue here, on the other hand, is directed toward preventing the actual sexual assault. As such, each statute as worded, while undoubtedly concerned with the exploitation of children, seeks to address a different kind of harm or evil involved in such exploitation (*see People v Bryant*, 92 NY2d 216, 229 [1998]).

Nor do we agree with petitioner that *Matter of Northrup v Relin* (197 AD2d 228 [1994], *lv denied* 84 NY2d 803 [1994]) requires a different result. In that case, the federal and state charges were mirror images of each other in that each sought to not only punish the petitioner for the sexual assault of his young children, but also his use of them to produce recorded sexually explicit images. Unlike the instant proceeding, the criminal acts that were the subject of each prosecution in *Matter of Northrup v Relin* (*supra*) were the same, and the harm and evil sought to be addressed was the petitioner's sexual assault of these small children and his use of them in these recorded productions.

For all of the reasons as set forth, we find that petitioner's claims in this petition are without merit and should be dismissed.[4]

Peters, J.P., Carpinello, Kane and Stein, JJ., concur. Adjudged that the petition is dismissed, without costs.

---

4. Petitioner suggests that given the present state of his health, the sentence he received in federal court is in effect a life sentence, and a state prosecution, if successful, will have no practical impact upon him. We note that not only has petitioner refused to waive his rights to appeal his federal sentence, but that one has actually been undertaken and is presently pending.