OPINION OF THE COURT
Leonard Livote, J.
The defendant moves to dismiss on the grounds that this prosecution is barred by the Double Jeopardy Clause of the Federal Constitution and section 40.20 (2) of the Criminal Procedure Law.
The defendant was arrested on January 15, 2010. He was charged with aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [1] [a]) and violations of the *305 Vehicle and Traffic Law (Vehicle and Traffic Law § 509 [1] [unlicensed operator]). The defendant was also issued summonses for violations of the Vehicle and Traffic Law (Vehicle and Traffic Law § 509 [1] [unlicensed operator]), operating a motor vehicle while using a cell phone (Vehicle and Traffic Law § 1225-c [2] [a]) and uninsured vehicle (Vehicle and Traffic Law § 319 [1]). On January 16, 2010, the defendant was arraigned; this case was adjourned for trial in Part 20 on May 27, 2010 and the summonses were adjourned to the SAP Part, also for May 27, 2010.
On May 27, 2010, the defendant appeared in Part 20, but did not appear in the SAP Part. By letter dated May 27, 2010, the defendant was informed that he had been convicted of Vehicle and Traffic Law § 509 (1) because he did not answer the ticket. On January 27, 2011, the defendant was arraigned on a superceding information charging him with aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [2] [a] [ii]), aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [1] [a]) and violations of the Vehicle and Traffic Law (Vehicle and Traffic Law § 509 [1] [unlicensed operator]). The defendant’s first argument is that further prosecution is barred by the Fifth Amendment of the Constitution of the United States. By its terms, the Double Jeopardy Clause only applies when a person is twice put in jeopardy for the “same offence” (US Const 5th Amend).
When confronted with an act or transaction that violates two statutes, the test to be applied to determine if prosecution of both would run afoul of the Double Jeopardy Clause was enumerated by the Supreme Court in Blockburger v United States (284 US 299, 304 [1932]). Specifically, the Court held that “where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact of which the other does not” (id.). If it turns out that both statutes require proof of an additional fact then “an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.” (Id.)
In the instant matter, the defendant is charged in the superceding information with aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [1] [a]; [2] [a] [ii]) and violations of the Vehicle and Traffic Law (Vehicle and Traffic Law § 509 [1]). As previously stated, the defendant was *306 also issued a summons charging Vehicle and Traffic Law § 509 (1) by the arresting officer. To be guilty of violating Vehicle and Traffic Law § 509 (1), the People must prove that the defendant operated a motor vehicle without a valid license. However, to be guilty of either Vehicle and Traffic Law § 511 (1) (a) or (2) (a) (ii) the People would have to prove an additional element not needed to adjudicate someone guilty of section 509 (1). In order to find the defendant guilty of Vehicle and Traffic Law § 511 (1) (a), the People must prove beyond a reasonable doubt, not only that the defendant was driving without a valid license, but also that said license had been suspended or revoked and the defendant had knowledge of the revocation or suspension. Similarly, to prove that the defendant violated Vehicle and Traffic Law § 511 (2) (a) (ii), the People must prove that the defendant was driving without a valid license and was convicted of an offense under section 1192 of the Vehicle and Traffic Law. Since conviction under Vehicle and Traffic Law § 511 (1) (a) or (2) (a) (ii) requires proof of an additional element than conviction under Vehicle and Traffic Law § 509 (1), prosecuting the defendant for violating Vehicle and Traffic Law § 511 (1) (a) and (2) (a) (ii), after the defendant has been convicted of Vehicle and Traffic Law § 509 (1), does not run afoul of the Double Jeopardy Clause of the United States Constitution.
The defendant’s next argument is that further prosecution is barred by section 40.20 of the Criminal Procedure Law which states, in relevant part:
“2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
“(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or
“(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil.”
Section 40.30 (1) of the Criminal Procedure Law states:
“a person ‘is prosecuted’ for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United *307 States, and when the action either:
“(a) Terminates in a conviction upon a plea of guilty; or . . .
“2. Despite the occurrence of proceedings specified in subdivision one, a person is not deemed to have been prosecuted for an offense, within the meaning of section 40.20, when:
“(a) Such prosecution occurred in a court which lacked jurisdiction over the defendant or the offense; or
“(b) Such prosecution was for a lesser offense than could have been charged under the facts of the case, and the prosecution was procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for a greater offense.”
The People argue that section 40.30 (2) (b) applies and, accordingly, the defendant has not been prosecuted for these offenses. This provision
“was intended primarily to address situations in which the defendant or his attorney induces a local Criminal Court, before the District Attorney has entered the picture, to accept a guilty plea and enter a conviction for a relatively minor offense as a means of foreclosing the possibility of a prosecution for a more serious offense in superior court. While not necessarily limited to such situations, the provision evidently was designed primarily to withhold statutory double jeopardy protection in those situations where the responsible prosecuting authority did not have the opportunity to be heard or to apprise the court of the aggravating facts before a conviction for a mere infraction or lesser misdemeanor was entered.” (Matter of Corbin v Hillery, 74 NY2d 279, 286 [1989] [citations omitted].)
In this case, the District Attorney had entered the picture and had an opportunity to be heard. Thus, the conviction was not procured without the knowledge of the appropriate prosecutor, and the defendant has been separately prosecuted for purposes of CPL 40.20.
The People argue that CPL 40.20 is, nonetheless, inapplicable because the exception contained in paragraph (b) of section 40.20 (2) applies. That paragraph requires that each offense contain “an element which is not an element of the other, *308 and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil.” As a threshold matter, Vehicle and Traffic Law § 511 (1) (a) and (2) (a) (ii) do contain elements that are not elements of Vehicle and Traffic Law § 509 (1). Thus, the determination depends on whether or not the statutes are designed to prevent very different kinds of harm or evil.
In People v Bryant (92 NY2d 216 [1998]), the Court of Appeals considered this issue in the context of a bank robbery. The defendants had been convicted on federal charges prior to their convictions for state law crimes arising out of the same robbery. The Court concluded, inter alia, that the federal crimes which required proof of “an assault or act of violence by the use of a dangerous weapon or device in connection with thfe] . . . robbery” of a federal entity, were designed to prevent very different kinds of harm or evil from the state statutes that proscribed the possession of defaced weapons because the “purposes of the Federal crimes for which defendants were charged are the protection of financial institutions in which the government has an interest, and the deterrence of the use of weapons in connection with crimes against such institutions” while the state crimes were “intended to curtail the availability of defaced firearms which prevent the identification and detection of crime, and the trafficking of such firearms in the marketplace” (id. at 228-229 [internal quotation marks and citations omitted]).
On the other hand, in People v Claud (76 NY2d 951 [1990]), the Court of Appeals ruled that a plea to a Babylon Town Code violation barred a subsequent prosecution for violation of the Navigation Law. The Court stated that “[although Navigation Law § 49 (4) (b) (2) requires a finding of intoxication — a finding unnecessary under the Babylon Town Code’s ‘careful operation’ subdivision — the two statutory provisions were not designed to prevent ‘very different kinds of harm or evil.’ ” (76 NY2d at 953.) “Notwithstanding that the Navigation Law refers to the prevention of serious physical injury and the Town Code commands the operation of a boat in a careful and prudent manner, both provisions are designed to assure the safe operation of boats so as to protect human life and avoid injury” (id.).
In the case at bar, the statutes are all designed to prevent unqualified drivers from operating motor vehicles. The additional elements contained in section 511 (1) (a) and (2) (a) (ii) serve to increase the penalties for those who have shown themselves not to be deterred or more likely to cause the same type of harm addressed by section 509 (1).
*309 Thus, the defendant has previously been prosecuted for the criminal transaction that occurred on January 15, 2010. Accordingly, this pending, separate prosecution is barred by CPL 40.20. The motion is, therefore, granted and the case is dismissed.